**Sherri KOEHNKE, Appellant**

v.

**CITY OF MCKEESPORT; E. Michael Elias; Tom Carter.**

**No. 08–4519.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit L.A.R. 34.1(a), Oct. 27, 2009.

Opinion Filed: Oct. 28, 2009.

---

Arnold Y. Steinberg, Esq., Pittsburgh, PA, pro se.

P. Brennan Hart, Esq., Jeanette H. Ho, Esq., Pietragallo, Gordon, Alfano, Bosick & Raspanti, Pittsburgh, PA, for City of McKeesport; E. Michael Elias; Tom Carter.

Before: SLOVITER, FUENTES, and HARDIMAN, Circuit Judges.

## OPINION OF THE COURT

FUENTES, Circuit Judge:

Appellant Sherri Koehnke appeals from the final order of the District Court, which granted Appellees' motion for summary judgment. Ms. Koehnke filed this lawsuit against the City of McKeesport (the "City") and two of its police officers, alleging that the police botched their investigation into her daughter's disappearance and thereby violated Ms. Koehnke's constitutional rights. The District Court granted the defendants' motion for summary judgment, concluding that Ms. Koehnke's claims were time-barred. We will affirm.

### I.

We write primarily for the parties, who are familiar with the background of this case, and so we review only those facts necessary to our analysis. Ms. Koehnke is the mother of Tanya Kach, who, in early 1996, resided with Ms. Koehnke's ex-husband, Jerry Kach, Jr., in McKeesport,

Pennsylvania. On February 10, 1996, then-fourteen-year-old Tanya ran away from home. Unbeknownst to her parents, Tanya had developed an intimate relationship with Thomas Hose, a thirty-seven-year-old security guard at her school, and on the day she left Mr. Kach's residence, Tanya moved in with Mr. Hose and his parents without informing anyone of her whereabouts.

After Ms. Koehnke learned that her daughter had gone missing, she noticed Mr. Hose's telephone number on her telephone bill for the date when Tanya had last visited her home. Ms. Koehnke called Mr. Hose to ask him if he knew anything about Tanya's disappearance, but Mr. Hose told her that he did not know Tanya and knew nothing about her whereabouts. After Ms. Koehnke spoke with Mr. Hose, she and Mr. Koehnke visited the McKeesport Police Department, where she spoke with Officer Elias. Ms. Koehnke informed Officer Elias that Tanya was friends with Mr. Hose and that Tanya had called him from Ms. Koehnke's house before her disappearance. Ms. Koehnke also told Officer Elias that she had called Mr. Hose to ask if he knew anything about her daughter's whereabouts, and that he denied knowing Tanya at all. Police investigators paid a visit to Mr. Hose's residence; the officers spoke with Mr. Hose but did not enter the premises because Mr. Hose told them that his parents were sleeping inside.

In 1998 or 1999, Ms. Koehnke again informed the McKeesport Police Department that she suspected that Mr. Hose was involved in Tanya's disappearance. The officer she spoke with assured her that the Department had investigated Mr. Hose and had determined that he "ha[d] nothing to do with" Tanya's disappearance. (App.92.)

On March 21, 2006, a decade after she ran away from home, Tanya disclosed her identity to Joe Sparico, the owner of a local convenience store, and informed him of the fact that she had been living in Mr. Hose's home for the last ten years. Mr. Sparico contacted the authorities, and law enforcement officers removed Tanya from Mr. Hose's home. In the days following these events, Tanya's reappearance, and the fact that she had spent a decade living with Mr. Hose, were covered extensively by the local media, and reporters had "camped out" in front of Ms. Koehnke's house. (App.104.) Ms. Koehnke spoke with Tanya on March 23, 2006, and was reunited with her in person the next day.

Ms. Koehnke filed this lawsuit on June 2, 2008, alleging that the City had a policy or custom of failing to train police officers in the handling of missing children cases, as well as a policy or custom of inadequately investigating citizen complaints. She asserts that the defendants violated her due process and equal protection rights. The defendants moved for summary judgment.[1] The District Court granted the motion, concluding that the statute of limitations on Ms. Koehnke's claims expired more than two months before she filed this lawsuit. Koehnke filed this timely appeal.

## II.

The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 and we have jurisdiction under 28 U.S.C. § 1291. Koehnke raises two issues on appeal, one procedural and one substantive.

---

1. Defendants styled their motion as one seeking dismissal or summary judgment. Because Defendants submitted documentary evidence in support of their motion, and because Ms. Koehnke submitted evidence in opposition thereto, the District Court properly treated the motion as a motion for summary judgment.

She first asserts that the District Court abused its discretion by granting the defendants' motion for summary judgment before the parties conducted discovery. In addition, she argues that summary judgment was improvidently entered, contending that a factual dispute exists as to the timeliness of her claims. We are not persuaded by either of these arguments, which we address in turn below.

■ "[W]e review a claim that the district court has prematurely granted summary judgment for abuse of discretion." *Bradley v. United States,* 299 F.3d 197, 206 (3d Cir.2002) (citation omitted). The Federal Rules of Civil Procedure expressly permit a defendant to move for summary judgment "at any time," Fed.R.Civ.P. 56(b), whether or not the parties have conducted discovery. If the non-moving party believes that its adversary's summary judgment motion is premature, that party is not without recourse. A party that "cannot present facts essential to justify its opposition" may—and, indeed, must—"show[ ] by *affidavit,*" Fed.R.Civ.P. 56(f) (emphasis added), how evidence of such facts "would preclude summary judgment." *Bradley,* 299 F.3d at 206 (citation omitted). We have been clear that "in all but the most exceptional cases, failure to comply with Rule 56(f) is fatal to a claim of insufficient discovery on appeal." *Id.*

■ Koehnke's failure to file a Rule 56(f) affidavit is "fatal" to her contention that the District Court's entry of summary judgment was premature, as we find no

exceptional circumstances to justify her unexplained noncompliance with Rule 56(f).[2] *Id.* Indeed, while Koehnke argues that discovery would have enabled her to prove that it was not until long after Tanya reappeared that Koehnke became aware of the police's failure to search Hose's residence, we agree with the City that Koehnke did not need to conduct discovery in order to adduce evidence of what she knew and when she knew it. We find no abuse of discretion in the timing of the District Court's entry of summary judgment.

■ We further conclude that the District Court correctly determined that Ms. Koehnke's claims are time-barred.[3] Claims brought pursuant to 42 U.S.C. § 1983 are subject to the statute of limitations "which the State provides for personal-injury torts," *Wallace v. Kato,* 549 U.S. 384, 387, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007), which in Pennsylvania is two years. *See* 42 Pa. Con. Stat. Ann. § 5524. Ordinarily, a section 1983 claim accrues at the time when the injury is sustained—that is, "when the plaintiff has a complete and present cause of action." *Wallace,* 549 U.S. at 388, 127 S.Ct. 1091 (internal quotations and citations omitted).

However, under Pennsylvania's discovery rule, the accrual of the statute of limitations may be tolled "for situations in which a party, through no fault of . . . her own, does not discover her injury until after the statute of limitations normally would have run." *Debiec v. Cabot Corp.,*

---

**2.** Although the brief Koehnke submitted to the District Court noted in passing that the parties had not conducted discovery, we have made clear that an "attorney's unverified memorandum opposing the motion for summary judgment" cannot substitute for a Rule 56(f) affidavit. *Radich v. Goode,* 886 F.2d 1391, 1394 (3d Cir.1989).

**3.** We review a district court's order granting summary judgment *de novo. See Antonelli v. New Jersey,* 419 F.3d 267, 272 (3d Cir.2005). Summary judgment is appropriate if, viewing the record in the light most favorable to the non-movant, there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

352 F.3d 117, 129 (3d Cir.2003). As we have explained:

> For the statute of limitations to run, a plaintiff need not know the exact nature of his injury, as long as it objectively appears that the plaintiff is reasonably charged with the knowledge that he has an injury caused by another.... Moreover, the plaintiff attempting to apply the discovery rule bears the burden of demonstrating that he exercised reasonable diligence in determining the existence and cause of his injury. To demonstrate reasonable diligence, a plaintiff must establish that he pursued the cause of his injury with those qualities of attention, knowledge, intelligence and judgment which society requires of its members for the protection of their own interests and the interests of others.

*Mest v. Cabot Corp.*, 449 F.3d 502, 510–11 (3d Cir.2006) (internal quotations and citations omitted).

We agree with the District Court that Koehnke's claims are time-barred. The record shows that as of March 24, 2006 at the latest, Koehnke knew (or had every reason to know) (1) that she had informed the Police Department of the basis of her suspicions concerning Hose, (2) that the Department had assured her that it had investigated Hose and determined that he had nothing to do with Tanya's disappearance, and (3) that the Department's determination was erroneous. To the extent that Koehnke sustained a constitutional injury as a result of the allegedly inadequate investigation, she had, by March 24, 2006, "sufficient critical facts to put [her] on notice that a wrong has been committed and that [she] need[ed] investigate to determine whether [she was] entitled to redress." *Debiec*, 352 F.3d at 129 (citation omitted). Koehnke, who "bears the burden of demonstrating that [s]he exercised reasonable diligence in determining the existence and cause of [her] injury," *Mest*, 449 F.3d at 511, identified no evidence from which a jury might conclude that she exercised such diligence, as the District Court determined.

In sum, we agree with the District Court that the statute of limitations on Koehnke's claims expired on March 24, 2008, more than two months before Koehnke filed her complaint. We will thus affirm the District Court's summary judgment order.

### III.

For the foregoing reasons, we will affirm the District Court's grant of summary judgment.